# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

STEVEN W. HILLIARD,

Plaintiff,

v.                                                             No. CIV-00-0653 M/WWD

GARY E. JOHNSON, et al.,

Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a number of motions to dismiss (Doc. #18, #20, #29, #31, and #33) filed by various Defendants. Plaintiff is a New Mexico state prisoner. For the reasons below, the first motion filed will be granted, and Plaintiff's complaint will be dismissed without prejudice.

The complaint asserts a number of claims arising from Plaintiff's transfer to the maximum-security Wallens Ridge State Prison in Virginia, following a disturbance at a detention facility operated by Wackenhut Corporation in Guadalupe County, New Mexico. In Count 1, Plaintiff alleges he was transferred even though he did not participate in the disturbance, he was given no prior notice or explanation for the transfer, and he was subjected to excessive force at Wallens Ridge. He asserts his transfer violated federal and state constitutional rights of due process. Count 2 claims the harsh conditions during and after transfer violated federal and state constitutional protections against cruel and unusual punishment. Count 3 asserts that Plaintiff was repeatedly subjected to strip searches and other body searches, and he was harshly restrained, in violation of the Fourth Amendment's protections against unreasonable search and seizure. Count 4 claims that "an Interstate Compact" was violated by the transfer and by related conditions of Plaintiff's confinement, and Count 5 asserts an equal protection violation based on disparate treatment of Plaintiff. Count 6 asserts claims based on respondeat superior liability, and Count 7 claims Defendants conspired to violate Plaintiff's various constitutional



protections. In Count 8 Plaintiff claims that Defendants' conduct was wanton, deliberate and malicious, entitling Plaintiff to punitive damages. All Defendants are named in their individual and official capacities. Plaintiff seeks damages and prospective equitable relief.

The first motion to dismiss filed by the New Mexico Defendants[1] seeks dismissal of the complaint for failure to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a). Plaintiff did not file a response to the New Mexico Defendants' motion; this failure to respond "constitutes consent to grant the motion." D.N.M.LR-Civ. 7.5(b). As stated by Defendants, Plaintiff's complaint contains no specific allegations regarding exhaustion. The Supreme Court recently ruled that exhaustion is required in all inmate cases. *Booth v. Churner*, 531 U.S. 956, ---, 121 S.Ct. 1819, 1825 n.6 (2001) ("an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). The result is unavoidable: Plaintiff's claims against all Defendants must be dismissed without prejudice for failure to exhaust administrative remedies. *Booth*, 531 U.S. at ---, 121 S.Ct. at 1822; *see also Harris v. Garner*, 216 F.3d 970, 980 (11th Cir. 2000), *cert. denied, Harris v. Garner*, --- U.S. ---,121 S.Ct. 2214 (2001). Defendants' Motion No. I will be granted.

IT IS THEREFORE ORDERED that the New Mexico Defendants' Motion to Dismiss No. I (Doc. #18) is GRANTED; Plaintiff's complaint will be DISMISSED without prejudice; all other pending motions are DENIED as moot; and judgment will be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The file indicates that no Virginia Defendants have been served.

2